UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
TRUSTEES OF THE NEW YORK CITY DISTRICT :
COUNCIL OF CARPENTERS PENSION FUND, :
WELFARE FUND, ANNUITY FUND, AND : 19-CV-11891 (JMF)
APPRENTICESHIP, JOURNEYMAN RETRAINING, :
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES : MEMORANDUM OPINION
OF THE NEW YORK CITY CARPENTERS RELIEF : AND ORDER
AND CHARITY FUND, THE CARPENTER :
CONTRACTOR ALLIANCE OF METROPOLITAN :
NEW YORK, and NEW YORK CITY DISTRICT :
COUNCIL OF CARPENTERS, :
:
                       Petitioners, :
:
      and :
:
:
EXCELLENCE DRYWALL LLC, :
:
                       Respondent. :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On December 30, 2019, Petitioners filed a Petition to Confirm Arbitration. ECF No. 1. On January 2, 2020, the Court set a briefing schedule for Petitioners' submission of any additional materials in support of the Petition, Respondent's opposition, and Petitioners' reply. ECF No. 7. Petitioners served Respondent with the Petition, supporting materials, and the briefing schedule. ECF Nos. 8 & 9. Pursuant to the briefing schedule, Respondent's opposition was due no later than January 30, 2020. ECF No. 7. To date, Respondent has neither responded to the petition nor otherwise sought relief from the Award.

       The Court must treat the Petition, even though unopposed, "as akin to a motion for summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Constr. Corp.*, 11-CV-1715 (JMF), 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013) (discussing in depth the legal standards for resolving unopposed petitions to confirm arbitration awards). After reviewing the petition and the supporting materials, the Court finds that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* at *3 (internal quotation marks omitted). Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the Award.

The Court also awards Petitioners' requested attorneys' fees and costs. *See Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." (internal quotation marks omitted)). Here, Petitioners have met their burden of proving the reasonableness and necessity of hours spent, rates charged, and litigation costs incurred. Finally, the Court grants Petitioners' request for pre-judgment interest at a rate of nine percent. *See Herrenknecht Corp. v. Best Rd. Boring*, No. 06-CV-5106 (JFK), 2007 WL 1149122, at *3 (S.D.N.Y. Apr. 16, 2007) ("The common practice among courts within the Second Circuit is to grant interest at a rate of nine percent, the rate of pre-judgment interest under New York State law." (internal quotation marks omitted)); *Waterside Ocean Navigant Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984) (adopting a "presumption in favor of pre-judgment interest").

Accordingly, the Court grants Petitioners' unopposed petition to confirm the entire Award. Petitioners are directed to file their Proposed Judgment electronically, using the ECF Filing Event "Proposed Judgment," by no later than **March 18, 2020**.

SO ORDERED.

Dated: March 13, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge